```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

ADC RIG SERVICES, INC., and     §
ROBOTIC SATELLITE TECHNOLOGY    §
TEXAS LLC,                      §
                                §
     Plaintiffs,                §
                                §
vs.                             §   Civil Action No. H-08-1640
                                §
JPMORGAN CHASE BANK, N.A.,      §
                                §
     Defendant and Third-Party  §
     Plaintiff,                 §
                                §
vs.                             §
                                §
JIM HERRING and BRANDI VANHORN, §
                                §
     Third-Party Defendants.    §
```

**<u>MEMORANDUM OPINION</u>**

Pending before the court[1] is Third-Party Defendant Jim Herring's Motion to Dismiss Chase's Third Party Claim (Docket Entry No. 20). The motion is **GRANTED**.

**I. Factual Background**

On March 31, 2008, Plaintiffs ADC Rig Services, Inc. ("ADC"), and Robotic Satellite Technology Texas LLC ("Robotic") filed this action against JPMorgan Chase Bank ("JPMorgan") in the 215th District Court of Harris County, Texas. JPMorgan was served with process on April 22, 2008, and removed this action on May 22, 2008, on the basis of diversity jurisdiction. Plaintiffs alleged that JPMorgan honored several checks bearing forged signatures of

---

[1] The parties have consented to the assignment of this case to a magistrate judge pursuant to 28 U.S.C. § 636(c). Docket Entry Nos. 10, 29.

authorized signatories on ADC and Robotic's checking accounts, resulting in a collective loss to Plaintiffs in the amount of $433,759.60.

On November 7, 2008, Defendant JPMorgan filed a third-party action against Jim Herring ("Herring") and Brandi Vanhorn ("Vanhorn"). Although the third-party complaint is factually sparse, it alleges that ADC and Robotic delegated the contractual responsibilities owed to JPMorgan to safeguard their check stocks to Herring, a certified public accountant. The third-party complaint further claims that Herring was hired by Plaintiffs to reconcile the monthly bank statements with the books of each company.[2] The third-party complaint alleges that Vanhorn, an employee of Herring, obtained access to ADC and Robotic's check stock and forged signatures on the checks, converting the funds to her personal use.[3] JPMorgan seeks indemnity from Herring and Vanhorn if it is found responsible for honoring the forged checks.

Third-Party Defendant Vanhorn was served with process on November 24, 2008, and on April 14, 2009, the clerk entered a default against her.[4] Third-Party Defendant Herring was served on

---

[2] JPMorgan Chase Bank N.A.'s Counterclaims and Third Party Action, Docket Entry No. 13, p. 3 (unnumbered).

[3] Id.

[4] Return of Service of Summons, Docket Entry No. 16, Entry of Default, Docket Entry No. 33.

December 5, 2008,[5] and filed an answer on December 22, 2008.[6]  On February 5, 2009, Herring filed the present motion to dismiss. JPMorgan has not responded to this motion.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not detail factual allegations, a plaintiff's obligation under the Federal Rule of Civil Procedure 8(a)(2), "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action."  Id.

## III.  Analysis

In his motion to dismiss, Herring alleges that under no circumstances can he either be found liable to JPMorgan directly or

---

[5]  Affidavit of Service of Process, Docket Entry No. 18.

[6]  Third-Party Defendant's Original Answer, Docket Entry No. 19.

be required to indemnify JPMorgan under the facts alleged. The court considers Herring's arguments in turn.

    **a. No direct liability to JPMorgan**

Herring first argues that the third-party complaint alleges no direct theory of liability to JPMorgan but instead claims that if JPMorgan is found liable to Plaintiffs for breaches of their account agreements, then Herring is responsible for his own errors and omissions in servicing Plaintiffs' accounts as well as for the actions of his employee, Vanhorn, under a respondeat superior theory of liability.

Federal Rule of Civil Procedure 14 provides, "A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. Fed. R. Civ. P. 14(a). The rule requires a direct line of derivative liability to exist between the third-party plaintiff and the third-party defendant, except in admiralty or maritime cases. See Fed. R. Civ. P. 14(c)(applying to admiralty cases); Seal Offshore, Inc., v. Am. Std., Inc., 777 F.2d 1042, 1045 (5th Cir. 1985)(comparing impleader under Rule 14(a) or (b) with Rule 14(c)). "[A] third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant." McCain v. Clearview Dodge Sales, Inc., 574 F.2d 848, 849-50 (5th Cir. 1978).

In the present case, the Third-Party Complaint claims that

4

JPMorgan was injured as "a result of acts or omissions of Plaintiffs' CPA, Jim Herring."[7] The acts or omissions were then listed, as follows: (1) Vanhorn was alleged to have forged checks; (2) Herring failed to supervise Vanhorn; (3) Herring failed to maintain adequate controls; (4) Herring failed to secure Plaintiffs' check stock; and (5) Herring failed to reconcile Plaintiffs' bank statements in a timely manner.

With the exception of the first allegation, which concerns solely the actions of Vanhorn, the court characterizes these claims against Herring as ones for professional malpractice or negligence. In order to state a negligence cause of action, a plaintiff must allege (1) a legal duty owed by one person to another; (2) a breach of that duty; (3) the breach was an actual cause of injury; and (4) actual injury. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). The elements for professional malpractice are the same as negligence. Deloitte & Touche v. Weller, 976 S.W.2d 212, 215 (Tex. App.-Amarillo 1998, pet. denied). "Because actual injury is an element of a negligence claim, '[a]n action for negligence cannot be maintained unless some damages result therefrom.'" Deloitte & Touche, 976 S.W.2d at 215 (quoting Johnson v. Sovereign Camp, W.O.W., 83 S.W.2d 605, 608 (1935))(rev'd in part on other grounds).

---

[7] JPMorgan Chase Bank N.A.'s Counterclaim and Third Party Action, Docket Entry No. 13, p. 4 (unnumbered).

As a CPA, Herring owed duties of professional competence to his clients, ADC and Robotic. The Texas Supreme Court has held that direct privity is required to sustain a direct negligence action in a professional services situation. McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 790 (Tex. 1999). There is a limited exception to this general rule where an accountant may be liable to third parties for damages arising from misrepresentations if the third-parties can show that the accountant knew or should have known that they would be relying on the accountant's representations. McCamish, 991 S.W.2d at 792.

Here, the third-party complaint is devoid of any allegation of privity between JPMorgan and Herring or a relationship that would impose a legal duty or standard of care on Herring with respect to JPMorgan. Rather, it appears that JPMorgan claims that Herring, along with Vanhorn, are the parties responsible for Plaintiffs' damages, and not itself. This is an improper use of Rule 14(a). Additionally, JPMorgan has failed to allege that Herring made negligent misrepresentations to it regarding the validity of any check, foreclosing the only other avenue through which it could seek damages from Herring in a third-party action. The court concludes that JPMorgan has failed to state a direct claim against Herring.

    b.  **Common law indemnity**

In Texas, the common law right of indemnity between joint

tortfeasors has been abolished, except in cases of indemnity where a third-party's liability is either purely vicarious or involves the innocent product retailer situation. <u>Aviation Office of Am., Inc. v. Alexander & Alexander of Tex., Inc.</u>, 751 S.W.2d 179, 180 (Tex. 1988). JPMorgan makes only one allegation against Herring based on vicarious liability, to wit, Herring is responsible for Vanhorn's conduct under a respondeat superior theory.[8] Missing from JPMorgan's third-party complaint is any allegation or legal theory that would entitle it to directly sue Vanhorn for conduct allegedly taken within the course and scope of her employment with Herring. Without such a predicate, JPMorgan cannot assert a vicarious liability claim against Herring even if he was Vanhorn's employer when she forged checks on Plaintiffs' accounts. The court concludes that JPMorgan has failed to state a claim for common law indemnity from Herring.

    **c. Contractual indemnity**

The only contracts relating to the issues pending before the court are the account contracts between Plaintiffs and JPMorgan. The Third-Party Complaint fails to provide any factual basis for the assertion of contractual indemnity against Herring. Accordingly, the court concludes that JPMorgan has failed to state a claim for contractual indemnity.

---

[8] As detailed above, JPMorgan has no direct claim against Herring for negligence.

**d. Contribution**

In Texas, contribution is allowed only among joint tortfeasors. <u>Bonniwell v. Beech Aircraft Corp.</u>, 663 S.W.2d 816, 818 (Tex. 1984)(rev'd on other grounds). Herring claims that, because the claims brought by Plaintiffs against JPMorgan are contractual in nature, he cannot be considered to be a tortfeasor from whom JPMorgan could seek contribution. The case law supports Herring's argument.

In <u>CBI NA-CON, Inc. v. UOP Inc.</u>, 961 S.W.2d 336, 341 (Tex. App. - Houston [1st Dist.] 1997, pet. denied), a business, Fina, purchased engineering plans from UOP for the design of a fluidized catalytic cracking unit ("FCCU"). The contract between Fina and UOP limited the remedy that Fina could seek in the event of a breach of the contract to reperformance and also barred suits by third parties for injuries allegedly caused by UOP's design plans. Fina contracted with CBI to construct the FCCU. When the FCCU failed, Fina sued CBI but not UOP. CBI filed a third-party action against UOP alleging negligent or defective design of the FCCU. The trial court granted summary judgment in favor of UOP, finding that CBI could not assert a claim for contribution against UOP.

The appellate court affirmed, agreeing that CBI's claim against UOP was derivative of any claim Fina could bring against UOP. Because a suit brought by Fina against UOP would be limited to economic injury related to the subject matter of the contract,

the court, citing Sw. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494-95 (Tex. 1991), found that any suit between Fina and UOP would sound in contract, not tort.  The court concluded, "A breach of contract claim is not a basis for contribution under chapter 33 of the Texas Civil Practice and Remedies Code."  CBI NA-CON, 961 S.W.2d at 341.

Other courts have also held that contribution is not available in contract claims.  In re Kyocera Wireless Corp., 162 S.W.3d 758, 769 (Tex. App. - El Paso 2005)(stating that, as plaintiff only asserts a contract claim, proportionate contribution under Chapter 33 of the Civil Practice and Remedies Code and common law indemnity are not available); Nels Cary, Inc. v. Day, No. 07-832-D, 2008 WL 631242 at *1 (N.D. Tex. Feb. 29, 2008)(stating that contribution under Chapter 33 of the Civil Practice and Remedies Code applies exclusively to actions based in tort or brought under the Deceptive Trade Practices Act).

As discussed above, Plaintiffs' claims against JPMorgan sound in contract.  As the court cannot discern any presently asserted theory that would permit JPMorgan to claim contribution from Herring pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, its claim for contribution against Herring must be dismissed.

## IV.  Conclusion

For the reasons discussed above, Third-Party Defendant Jim

9

Herring's Motion to Dismiss Chase's Third Party Claim (Docket Entry No. 20) is **GRANTED.**

**SIGNED** this 15th day of April, 2009, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge